UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
OCT 2 1 2005
CLERK'S OFFICE
DETROIT

ROBERT RAYMOND MALOOF,

    Petitioner,

v.

    CASE NO. 04-CV-73192
    HONORABLE DENISE PAGE HOOD

ANDREW JACKSON, WARDEN,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

On August 25, 2005, the Court issued an Opinion and Order and Judgment dismissing Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner filed a Notice of Appeal on September 27, 2005. Petitioner filed a Motion for Certificate of Appealability on September 27, 2005, as well as an Application to Proceed in Forma Pauperis on Appeal and a Motion to Appoint Counsel.

Before Petitioner may appeal the Court's dispositive decision denying his habeas petition, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing, or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a prisoner demonstrates "that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition is denied on procedural grounds, a Certificate of Appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner presented the following claims in his habeas petition: (1) the trial court committed clear error in denying Petitioner's motion to suppress evidence; (2) the trial court abused its discretion in failing to grant Petitioner's motions to withdraw his plea before and after the imposition of sentence based upon his innocence, the failure of the trial court to comply with the taking of Petitioner's plea pursuant to MCR 6.302, and ineffective assistance of counsel; (3) Petitioner was denied his constitutional right to due process of law because of ineffective assistance of trial counsel for failing to move to suppress a letter intercepted by the Wayne County Sheriff's Department at the Wayne County Jail in violation of Petitioner's constitutional right to be free from illegal searches and seizures; and (4) Petitioner was denied his constitutional right to due process of law as a result of the trial court's imposition of a below guidelines sentence without placing substantial and compelling reasons on the record for doing so.

The Court dismissed the petition, holding that claims (1) and (4) were not cognizable in federal habeas corpus proceedings, since violations of state statutes were alleged. The Court further stated that the trial court's decision regarding claim (2) was not contrary to or an unreasonable application of clearly established Supreme Court precedent. With regards to claim (3), the Court held that Petitioner's Fourth Amendment claim was not meritorious and that trial counsel's

2

performance was not deficient as required for an ineffective assistance of counsel claim.

After reviewing the Court's Opinion and Order, the Court finds that Petitioner has not shown that the Court's findings and conclusions of law are debatable among jurists and that the issues raised in the habeas petition deserve further proceedings. Petitioner appears to reassert the same arguments that he asserted in his petition for a writ of habeas corpus. For the reasons set forth above and in the Court's August 25, 2005 Opinion and Order dismissing the Petition, the Court finds Petitioner has made no substantial showing of a denial of a constitutional right or that reasonable jurists would find the Court's reasoning debatable.

Accordingly,

IT IS HEREBY ORDERED that a Certificate of Appealability will NOT issue in this case.

IT IS FURTHER ORDERED that Petitioner's Application to Proceed In Forma Pauperis on Appeal **[Docket No. 33, filed September 27, 2005]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Appoint Counsel **[Docket No. 34, filed September 27, 2005]** is DENIED.

/s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: OCT 21 2005